**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

REN WANG,

Petitioner,

v.

ERNESTO SANTACRUZ, et al.,

Respondents.

No. 5:26-cv-04654-BFM

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Ren Wang filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on August 17, 2026. (ECF 1 ("Pet.").) The Petition is fully briefed. (ECF 9 ("Answer"); ECF 10 ("Reply").) For the reasons stated below, the Petition (ECF 1) is **denied**.

## FACTUAL BACKGROUND

Petitioner is a noncitizen who is currently detained in the Adelanto Detention Facility, within the Central District of California. (Pet. ¶ 1.) He last entered the United States on a nonimmigrant visa in 2016 and maintained his lawful temporary visa status until March 2022. (Pet. ¶¶ 3, 56, 59.) On July 26, 2026, he was detained by ICE at LAX boarding a domestic flight. (Pet. ¶ 4.)

Petitioner appeared before an immigration judge for a custody redetermination on August 11, 2026. (Pet. ¶ 6.) Petitioner presented evidence

that he had no criminal history and was not dangerous. (Pet. ¶ 86.) DHS, for its part, questioned the viability of Petitioner's anticipated asylum claim and "questioned Petitioner's business activities and finances." (Pet. ¶ 90.) The IJ denied his request for release, finding that he "failed to meet his burden to establish that he is not such a significant risk of flight that no amount of bond or alternatives to detention would be sufficient to mitigate it." (Pet. ¶¶ 6, 94.) Petitioner reserved the right to seek review of the IJ's bond decision but did not (yet) perfect his bond appeal.

On August 17, 2026, Petitioner filed a counseled habeas petition arguing that the IJ's conclusion that he was a flight risk was "based solely upon a procedurally flawed finding that he purportedly present such a significant flight risk that no amount of bond or alternatives to detention could reasonably mitigate that risk." (Pet. ¶ 101.) The record, he argues, "does not establish a constitutionally sufficient basis for that conclusion." (Pet. ¶ 102.) Petitioner's immigration history "reflects repeated efforts to maintain lawful status through lawful administrative procedures, including applications filed with USCIS and a USCIS-approved change of status from H-4 to B-2 classification." (Pet. ¶ 103.) The IJ's conclusion, Petitioner argues, was both a violation of due process and an abuse of discretion. (Pet. ¶¶ 96-117.) Finally, he argues that further bond hearings are not an adequate remedy and that the Court should order release. (Pet. ¶¶ 118-125.)

**ANALYSIS**

The Petition alleges that habeas relief is warranted because the IJ erred in finding him a flight risk. (Pet. at 17-20.) Respondents contest Petitioner's right to relief on three grounds: lack of jurisdiction, failure to exhaust, and on its merits. (Answer at 3-9.)

**A. Jurisdiction**

Respondents' first argument is that the Court has no jurisdiction to review the IJ's bond decision. (Answer at 4-8.) It is true that Congress has placed limits on federal courts' review of bond determinations. 8 U.S.C. § 1226. Specifically, § 1226(e) provides that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review." As such, Section 1226(e) precludes a noncitizen from "challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (plurality) (cleaned up).

Nevertheless, federal courts retain jurisdiction to consider constitutional claims or questions of law regarding bond determinations, including "mixed questions" involving the application of law to facts. An immigration court's determination that a noncitizen presents a danger or risk of flight is such a "mixed question" amenable to federal court review. *See Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024). Although what constitutes dangerousness or risk of flight "is malleable and involves agency discretion," dangerousness and risk of flight are "still a legal standard so long as federal courts can 'assess whether an IJ correctly applied the statutory standard to a given set of facts.'" *Id.* (*quoting Wilkinson v. Garland*, 601 U.S. 209, 221 (2024)). Thus, while the Court lacks jurisdiction over purely discretionary questions, Congress has not entirely stripped this Court of jurisdiction over bond determinations. The Court is mindful of the statutory limits on its review, but does not agree with Respondents that the Petition must be dismissed in its entirety for lack of jurisdiction.

**B. Exhaustion**

Respondents also raise failure to exhaust. (Answer at 8-9.) Administrative exhaustion is not a jurisdictional requirement for habeas petitions filed under

28 U.S.C. § 2241. As a prudential matter, however, courts typically "require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Prudential exhaustion should be required where "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted).

At the same time, courts "have discretion to waive a prudential [exhaustion] requirement." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). A court may waive the exhaustion requirement "when administrative remedies are inadequate or their exercise would be futile, or irreparable injury would result without immediate judicial intervention." *Ward*, 678 F.3d at 1045.

Here, the available avenue for exhaustion would be an appeal of the IJ's bond decision to the Board of Immigration Appeals. Petitioner could have filed such an appeal when the decision was issued earlier this month, and his deadline for filing an appeal has not yet lapsed. (ECF 9-2 at 2 (reflecting bond appeal due September 10, 2026).) Nevertheless, Petitioner urges the Court to excuse his failure to exhaust. He argues that he would face irreparable injury because he is in detention (Reply at 4)—but with rare exception, the same could be said almost everyone who files a § 2241 petition. *See* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ."). Petitioner also argues that processing time for BIA appeals is significantly longer than this habeas petition, which offers a "swift" remedy for illegal detention. (Reply at 4-5.) Again, that may be true, but given Ninth Circuit

holdings saying that prudential exhaustion is *generally* required, the Court is hard pressed to accept an argument that would excuse exhaustion in all cases involving IJ bond hearings.

Second, Petitioner claims his appeal would be futile because the BIA cannot consider his constitutional arguments. (Reply at 4-5.) Petitioner's claims are, at bottom, arguments that the IJ erred when it concluded that detention was appropriate. That argument is one that may be appealed to the BIA. 8 C.F.R. § 1003.19(f).

Weighing all these facts together, the Court concludes that exhaustion should not be excused here. The Petition is therefore denied without prejudice, and judgment will be entered accordingly.

DATED: September 8, 2026

BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE